## D. L. McDONALD v. C. DORBRANDT.

### Decided November 24, 1897.

**1. Trust Deed—Description of Notes Secured.**

The description, in a trust deed, of notes secured thereby, as being executed by H.,
the maker of the deed, such notes being executed, one by H. & Co., and the other by
H. and one C., was imperfect, but not a misdescription. It was error in a suit by the
trustee to recover the value of the goods—taken under attachment against H.—to, ex-
clude the notes and parol evidence identifying them as the instruments secured by
the deed.

**2. Trust Deed—Attaching Creditors.**

Creditors have the right to ignore the possession of a trustee under a void deed of
trust from the debtor, and seize the property by attachment; but if the deed of trust
is valid they should levy subject to the secured debts or garnish the trustee.

**3. Practice on Appeal.**

Where defendants, attaching creditors, who had alleged fraud in a deed of trust at-
tacked by them, were prevented from presenting their evidence on such issue by a
ruling defeating plaintiff on another point, the appellate court, in reversing for error
in such ruling, will remand the cause to permit the issue of fraud to be tried.

Appeal from Burnet. Tried below before Hon. W. A. Blackburn.

*J. G. Cook, S. R. Fisher,* and *John C. Townes,* for appellant.—1. There
is no variance between the indebtedness from J. H. Hansford to W. H.
Westfall & Co., described in item 3 in the schedule of debts in the deed
of trust from Hansford to appellant, as evidenced by notes, and the notes
offered in evidence by appellant to prove said indebtedness and which
were excluded by the court. Such exclusion was error. Van Hook v.
Walton, 28 Texas, 74; Nave v. Britton, 61 Texas, 574; Clementz v. Lum-
ber Co., 82 Texas, 427; Fetes v. O'Laughlin, 17 N. W. Rep., 764; Patter-
son v. Johnson, 7 Ohio, 227; Tousley v. Tousley, 5 Ohio St., 78; Hurd v.
Robinson, 11 Ohio St., 232; Gill v. Pinney, 12 Ohio St., 38; Keyes v.
Bump, 9 Atl. Rep., 600; Bank v. Bank, 84 Texas, 369.

2. The trial in the court below having been had before the judge and
the record herein containing the excluded testimony, viz., the two notes
offered by appellant as evidencing the debt for $12,501.87, due to W. H.
Westfall & Co. by Hansford and secured by said deed of trust, as well as
the parol testimony of J. H. Hansford and W. H. Boggess and Christian,
this court should correct the error of the trial court in the exclusion of
such testimony, and consider the same and render judgment herein in

favor of appellant for the value of the goods wrongfully taken from him by the sheriff.

*Matthews & Browning*, for appellees.—1. There is a fatal variance between the indebtedness from J. H. Hansford to W. H. Westfall & Co., described in item 3 of the schedule of debts in the deed of trust from Hansford to appellant as evidenced by notes, and the notes offered in evidence by appellant to prove said indebtedness. The court, therefore, did not err in excluding said notes from the evidence. Bowen v. Ratcliff, 39 N. E. Rep., 860; Herman, Chat. Mort., secs. 57, 59; 15 Am. and Eng. Encyc. of Law, 369; 2 Hill. Mort., 369; 2 Cobbey Chat. Mort., sec. 783; Tied. on Sales, sec. 324.

2. If the description of a secured debt as given in a deed of trust is not sufficiently full, then parol evidence is admissible to show the debt intended to be secured, but to be admissible the parol evidence must be such as would show that the indebtedness intended to be secured would come within the description given in the deed of trust. Bramhall v. Flood, 11 Conn., 68, and authorities cited under preceding proposition.

FISHER, CHIEF JUSTICE.—The appellant McDonald brought this suit against Dorbrandt, as sheriff of Burnet County, and the sureties on his official bond, for the value of certain goods levied upon and seized by Dorbrandt as sheriff by virtue of a writ of attachment, at the instance of Samuel C. Davis & Co.—who subsequently made themselves parties defendant to the suit—creditors of one J. H. Hansford, a merchant engaged in business at Marble Falls, Texas. The goods after being levied upon by virtue of the attachment were sold under an order of court and the proceeds deposited with the clerk to await the result of the attachment suit of Davis & Co. against Hansford.

At the time of the levy of the writ of attachment appellant McDonald had actual possession of the goods under a deed of trust which had been previously executed by Hansford, wherein McDonald was named as trustee, for the purpose of securing certain named creditors of Hansford.

The case was tried before the court without a jury, and judgment rendered in favor of the defendants. The deed of trust executed by Hansford to the appellant was made for the purpose of securing the debts of a number of creditors of Hansford, among which were the following:

First. J. D. Cook, of Burnet County, Texas, for legal services, the sum of $300.

Second. To W. H. Westfall & Co., of Burnet, Texas, on account, the sum of $233.90; to W. H. Westfall & Co., of Burnet, Texas, in the sum of $12,501.87 and interest, as evidenced by two certain promissory notes, one for the sum of $10,762.15, dated January 31, 1895, and the other for the sum of $1739.72, dated April 5, 1895, each of said notes falling due November 1, 1895, and bearing interest from date at the rate of 10 per cent per annum.

It appears that Cook and Westfall & Co. were the only creditors men-

tioned in the deed of trust who accepted the benefits of the instrument prior to the levy of the writ of attachment. The deed of trust was made by Hansford, and states that it was made for the purpose of securing these notes, which were executed by him.

Upon the trial of the case the plaintiff offered in evidence the notes described in the deed of trust in favor of Westfall & Co., but they were excluded by the court, upon the ground that there was a variance between the notes offered and those secured by the deed of trust. It appears that the note for $10,762.15 was executed by Hansford & Co., and the other note for $1739.72 was executed by J. H. Hansford and George Christian. It appears also that, at the time that the first note was executed, George Christian was a member of the firm of Hansford & Co., and soon after that time he retired from the firm upon an agreement and understanding between him and Hansford that Hansford should assume the liability of the firm upon that note and pay the same to Westfall & Co.

As to the second note upon which Christian's name appears, it was shown that he was only bound thereon and liable as a surety. The description given of these two notes in the deed of trust is accurate and correct, except that they do not appear to be executed by Hansford alone; and, as the deed of trust was made to secure the notes executed by Hansford, the court below held that, as the notes offered in evidence were not solely executed by Hansford, but by him with others liable thereon, there was a misdescription of the notes, and that those offered in evidence did not correspond in this particular with those described in the deed of trust, and from the misdescription in this respect it is claimed the variance results.

In connection with these notes the plaintiff offered evidence to the effect that these two notes were the only notes executed by Hansford to Westfall & Co., and were the notes intended to be described by the deed of trust. Further, in connection with these notes, was offered in evidence by plaintiff certain allegations in the original answer of the defendants, in the nature of an admission that the notes offered were the notes secured by the deed of trust. All this evidence was excluded along with the notes.

The ruling of the court on this question we think was erroneous. The description of the notes appeared to be accurate, except that they were not alone executed by Hansford. Hansford was a party to the notes and was primarily liable for their payment, and the statement in the deed of trust that he had executed the notes was not a misdescription or false statement, but was true. He had executed these notes and was liable for their payment; but, in addition, some one else was liable with him. Now this was not a misdescription of the notes; it was simply an imperfect description. He could have more accurately described the notes, but the description that he gave, as far as it went, tended to identify the notes. This additional matter of identity, which was omitted in describing the notes, could be supplied by proof; and it is a case, not of false description or misdescription, but one in which there is doubt as to the identity of the

notes in question, and this results from a description which is true in most respects, but is simply inaccurate in failing to add to that description some additional matter which would have made the description perfect, and would have accurately identified the notes offered in evidence. The result of all this is simply an imperfect description, which being the case, it may be aided by extrinsic evidence. This view of the question necessarily leads to a reversal of the judgment below.

Owing to the reversal of the judgment upon other grounds, it is unnecessary for us to pass upon the question of fact as to that finding of the court complained of by the appellant which fixes the value of the property levied upon and seized by the appellees.

In reply to those assignments of errors which complain of the manner of the seizure of the property and depriving the trustee of the possession of it, they can be disposed of by saying that, if the deed of trust was void as to the attaching creditors on the ground of the alleged fraud, they had the right to ignore the possession of the trustee and seize the property under the attachment process; but if the deed of trust was valid, and the attaching creditor who had not accepted its benefits simply undertook to reach the surplus remaining after the secured debts were discharged, he should have either made his levy subject to these debts or garnished the trustee.

Appellant requests this court, if we should rule as we have upon the action of the court in refusing to admit these notes in evidence, showing the indebtedness of Hansford to Westfall & Co., that, as these notes together with the testimony which was finally excluded identifying the notes were all in the record, and as the evidence shows that Westfall & Co. had accepted the benefits of the trust before the attachment was levied at the instance of Davis & Co., and as the court found the value of the goods levied upon and seized by the appellees, we should reverse and render judgment in favor of the appellant. In view of the issues in the case, this can not be done.

The appellees in their answer pleaded that the deed of trust was executed by Hansford in fraud of the rights of their codefendants Davis & Co. and other creditors. It is true no evidence was offered on the question of fraud, but in view of the ruling of the court excluding the debts due Westfall & Co., there was no necessity for appellees to introduce any evidence on that issue, for the result of the ruling of the court, together with the judgment finally rendered, was in appellees' favor. The court held that, as these notes were excluded, the only debts proven to exist in favor of accepting creditors prior to the time of the levy of the writ of attachment were the debts of Cook and the debt due on account to Westfall & Co. of $233, which was secured by the deed of trust, and as the $300 due to Cook had been paid, and as the trustee had in his possession more than enough to discharge this $233 indebtedness to Westfall & Co., and as the evidence did not show that any other of the creditors had accepted the terms of the deed of trust, the trustee had no cause of action against appellees. With this finding of the court, it was un-

necessary for the appellees to go into the question of fraud in executing the deed of trust. Their pleadings attacked the instrument on the ground of fraud; and in view of this fact, and what has been stated, we reverse the judgment of the court below, and remand the cause for another trial.

*Reversed and remanded.*